

Wiggin and Dana LLP
437 Madison Avenue
35th Floor
New York, New York
10022
www.wiggin.com

Daniel J. LaRose
212.551.2845
212.551.2888 fax
dlarose@wiggin.com

**Via ECF**

May 5, 2026

Hon. Michael E. Wiles
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Memorandum Endorsement

1. Questions about a witness's criminal history, including prior arrests, are permitted as part of discovery. The admissibility of any criminal history is a separate issue to be decided at trial.

2. Speaking objections (those that are intended to give clues to witnesses) are not permitted. However, deposition testimony sometimes is used at trial, and one of the purposes of requiring objections during the deposition is provide notice to the questioner of a potential issue and to provide an opportunity to cure it. Objecting parties therefore normally should give succinct answers ("leading question, compound question, hearsay" etc.) when asked to identify the grounds for an objection. If a party refuses to explain an objection, after being asked to do so, that will be considered, if the testimony is later offered in court, in deciding whether an appropriate opportunity to cure the objection has been provided.                    MEW 05/07/2026

Re:     In re: Tompkins Square Distributors, 25-12356 (MEW)

Dear Judge Wiles:

I write to request the Court's assistance regarding certain outstanding issues that arose during the deposition of Creditor Anibal Daniel Zapata. Debtor apologizes these issues could not be resolved between the parties notwithstanding our best efforts.

On April 30, 2026, although Debtor's counsel accommodated Creditor Zapata by holding his deposition virtually at 1:00pm per his counsel's request, the Creditor did not appear for the deposition until after 2:00 pm. This forced the Debtor's counsel to bifurcate the deposition. Rather than interrupting the initial part of the deposition with a call to the Court, counsel determined it would be best to seek a ruling on the following issues between the sessions in hopes of enhancing efficiency.

During the deposition, Creditor's counsel instructed his client to not answer a question and refused to provide grounds for objections. Creditor's counsel first stated he felt a question was "improper." Later during the deposition, when Debtor's counsel requested Creditor's counsel clarify objections and provide grounds for such objections, Creditor's counsel stated multiple times, "I'm not here to answer your questions." Fed. R. Bankr. P. 9014 and Fed. R. Bankr. P. 7030 make Fed. R. Civ. P. 30 applicable to this matter. Fed. R. Civ. P. 30 requires that "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." By refusing to provide grounds for an objection, it prejudices Debtor because Debtor may not revise the question in response to a valid objection.

The specific question Creditor's counsel instructed his client not to answer was regarding Creditor's criminal history. Fed. R. Bankr. P. 9017 makes the Federal Rules of Evidence applicable to Bankruptcy cases. F.R.E. 609 permits impeachment of evidence by criminal conviction. Because Creditor plans to rely almost exclusively on testimonial evidence to support his wage claims, credibility is material. Creditor's counsel has failed to provide any basis for an

May 5, 2026
Page 2

objection or legal basis to direct his client not to answer the question.[1]  Fed. R. Civ. P. 30(c)(2) provides, "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." None of the acceptable reasons for such an instruction are present here.  Creditor may argue admissibility at a later time, but a refusal to answer at a deposition is not permitted under the applicable rules.

Accordingly, Debtor respectfully requests that this Court enter an order: (i) requiring Creditor Zapata, as well as other creditors to be deposed, to respond to questions pertaining to their credibility, including those regarding criminal history; (ii) requiring Creditor's counsel to clearly state objections, as well as the grounds for all such objections, during the remaining depositions; and (iii) prohibiting Creditor's counsel from instructing his clients to not answer questions unless for the permissible reasons proscribed in Fed. R. Civ. P. 30(c)(2).

Respectfully submitted,

/s/

Daniel J. LaRose

Cc: Counsel of record (via ECF)

---

[1] To the extent Creditor's counsel is objecting on relevance grounds, Debtor's counsel pointed out during the deposition that such an objection would be improper.  "[R]elevance is not a proper ground for objection at a deposition." *Lehal v. United States Marshal Serv.*, No. 13-CV-03923, 2017 WL 4862781, at n.3 (S.D.N.Y. Oct. 17, 2017); accord *Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764, 2024 WL 3219809, at *5 (S.D.N.Y. June 28, 2024) ("Generally, [relevance grounds] is not a proper basis to object to a deposition question.").