**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **TOMPKINS SQUARE DISTRIBUTORS, Inc.,** | : | |
| | : | **Case No. 25-12356 (MEW)** |
| **Debtor.** | : | |

# DECISION REGARDING STATUTE OF LIMITATIONS ISSUES

The Court has been conducting a trial of claims filed by Steven Brito, Julio Lopez Canino and Daniel Zapata. Each of the claimants is a former truck driver who contends that the Debtor violated state and federal laws by failing to pay proper compensation for overtime work. The parties have advised the court that a resolution of outstanding statute of limitations questions would help in identifying the periods for which claims may be asserted.

The parties agree that the claims asserted under state law are subject to a six-year statute of limitations. The Debtor's bankruptcy case was filed on October 26, 2025. Ordinarily, that would mean that claims arising from and after October 26, 2019 would remain viable in this bankruptcy case. *See* 11 U.S.C. § 108(c). However, the claimants have asserted that they should have the benefit of an additional tolling of the statute of limitations by virtue of a class action that Mr. Zapata filed in the Bronx Supreme Court on January 26, 2025. No class was ever certified in that action, and Mr. Zapata filed an amended complaint on August 24, 2025 that removed the class action allegations. The caption was later changed to delete any reference to a purported class action,

It appears that Mr. Zapata's individual action was still outstanding as of the date of the Debtor's bankruptcy filing. As a result, he has the right to assert claims on his own behalf for

overtime that allegedly was payable to him from and after January 26, 2019 (the date that is six years prior to the filing of his state court complaint).

Mr. Brito and Mr. Lopez argue that they, too, should be permitted to assert claims from and after January 26, 2019 by virtue of section 205(a) of the New York Civil Practice Law and Rules. Section 205(a) provides:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff, dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

N.Y.C.P.L.R. § 205(a). However, by its terms section 205(a) only applies to claims asserted by the "plaintiff" in a prior action. Mr. Brito and Mr. Lopez would have been members of a class *if* a class action had ever been certified. However, as absent class members they were not "plaintiffs" for purposes of section 205(a). The relevant provisions of the CPLR recognize that the "plaintiff" in a class action is the named plaintiff who has filed the action. For that reason, the CPLR requires the "plaintiff" to seek the court's approval before that plaintiff can represent a purported class. *See* N.Y.C.P.L.R. § 902. Absent class members were not themselves plaintiffs, and they could not have been bound by Mr. Zapata's lawsuit unless and until the court had actually approved Mr. Zapata as a class representative.

The New York courts have consistently held that the benefits of section 205(a) may only be invoked by the person who filed a prior action or, if that person is deceased, by the representative of that person's estate. *Ace Sec. Corp. v. DB Structured Prods., Inc.*, 38 N.Y.3d 643, 652-53 (N.Y. 2022) (holding that "the legislature has created one statutory exception –

executors and administrators – to the general rule that the second action must be commenced b the original plaintiff" and that no other exceptions are to be implied). It is not sufficient for a different person or entity to invoke section 205(a) on the theory that it just seeks to pursue the same claims or rights that might have been pursued in a prior action. *Id.* at 653-55 (holding that section 205(a) did not apply where both an original action and a subsequent action were brought on behalf of a trust, but by different named plaintiffs). Nor is it sufficient if a prior action was inadvertently wrongly filed in the name of a different but related entity. *Reliance Ins. Co. v. PolyVision Corp.*, 9 N.Y.3d 52, 57 (2007) (section 205(a) did not apply where an original action was mistakenly filed by a subsidiary and the subsequent action by the parent corporation). There must be a strict identity between the original and subsequent "plaintiff" in order for section 205(a) to be applicable.

In addition, section 205(a) does not apply unless there was a "termination" of an "action" in some manner other than a voluntary discontinuance. Een if Mr. Zapata's amended complaint somehow could be analogized to the "termination" of an "action," that termination would just be akin to a voluntary discontinuance, in which case section 205(a) would not apply.

Claimants also contend that as absent class members they are entitled to a tolling of the statute of limitations under principles identified by the United States Supreme Court in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). Here they are on more solid ground. The tolling principles announced in *American Pipe* have been adopted in New York, and under the relevant decisions a tolling of the statute of limitations in favor of absent class members begins on the filing date of a purported class action and ends "when it is no longer objectively reasonable for absent class members to rely upon the putative class action to vindicate their rights." *Chavez v. Occidental Chem. Corp.*, 35 N.Y.3d 492, 506 (2020). A "non-merits"

dismissal or denial of class certification suffices to terminate the class action tolling period. *Id.* So long as the termination of the class action aspects of a case is "clear," the tolling period ends as a matter of law. *Id.* at 507-09.

In this case, Mr. Zapata's amended complaint was filed on August 24, 2025 and it no longer contained any class action allegations. The abandonment of the class action allegations was the equivalent of a voluntary discontinuance of the class action aspects of the case. The Debtor argues that any tolling therefore ended on August 24, 2025. However, section 908 of the CPLR provides that a class action "shall not be dismissed, discontinued, or compromised without the approval of the court." N.Y.C.P.L.R. § 908. A subsequent stipulation was filed on September 18, 2025 that sought the amendment of the caption and the deletion of any statement that Mr. Zapata sought to represent a class of other claimants. That stipulation stated explicitly that the class action allegations had been dropped, and that the amendment to the caption was being sought, because Mr. Zapata had determined that he could not satisfy the requirements to maintain a class action. The Bronx Supreme Court then "so ordered" the stipulation on September 29, 2025.

The claimants contend that tolling should not have ended until September 29, 2025 (the date of the court order that approved the stipulation). I agree. The filing of the stipulation on September 18, 2025 made it objectively clear that the class action was not going to continue, and the termination of the class action took effect, under section 908 of the CPLR, when the Bronx Supreme Court entered its order on September 29, 2025.

**<u>Conclusion</u>**

The filing of Mr. Zapata's class action temporarily stopped the running of the statute of limitations on Mr. Brito's and Mr. Lopez's claims on January 26, 2025. If the tolling had not

ended then Mr. Brito and Mr. Lopez would have been entitled to assert claims that accrued on or after January 26, 2019. However, the statute of limitations began running again on September 29, 2025. Twenty-seven days passed between September 18, 2025 and the filing of this bankruptcy case on October 26, 2025. That means that claims on behalf of Mr. Brito and Mr. Lopez may be asserted so long as they are claims for overtime that was payable on or after February 22, 2019 (27 days after January 26, 2019). Claims by Mr. Brito and Mr. Lopez for overtime that was payable on or before February 21, 2019 are barred by the statute of limitations.

Dated: New York, New York
November 19, 2026

**s/Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge